IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:23cr186-MHT |
| | ) | (WO) |
| SAILOU GUEYE | ) | |

ORDER

This cause is before the court on the unopposed motion to continue trial filed by defendant Sailou Gueye. For the reasons set forth below, the court finds that jury selection and trial, now set for February 5, 2024, should be continued pursuant to 18 U.S.C. § 3161.

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in

>which such charge is pending, whichever date last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period a continuance granted based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  § 3161(h)(7)(A).  In granting a continuance under subsection (h)(7)(A), the court may consider, among other factors, whether the failure to grant such a continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Gueye in a speedy trial. Gueye's counsel represents that the parties are engaged in negotiations that may resolve this matter before trial and that a continuance is needed to accommodate

2

this effort. The court sees no evidence of a lack of diligence on defense counsel's part.

\*\*\*

Accordingly, it is ORDERED as follows:

(1) The unopposed motion to continue trial (Doc. 65) is granted.

(2) The jury selection and trial, now set February 5, 2024, are reset for March 18, 2024, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson, Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall postpone the deadline for change of plea and any other appropriate deadlines accordingly.

DONE, this the 11th day of January, 2024.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

3